NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>*Plaintiff*,<br><br>v.<br><br>RIVER DRIVE COMPANIES, LLC,<br><br>*Defendant.* | Civil Action No. 17-9047<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof's ("Plaintiff" or "Pension Fund") Amended Motion for Default Judgment against River Drive Companies, LLC ("Defendant" or "River Drive") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

**I. BACKGROUND**

This action arises from Plaintiff's claims for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1381. On February 9, 2018, Plaintiff moved for a default judgment, ECF No. 9, which this Court denied without prejudice on September 14, 2018. In that Opinion, the Court found that RDC and River Drive "are under common control for the purposes of withdrawal liability," but denied Plaintiff's motion because the Court could not "determine whether Plaintiff is entitled to amounts as set forth in the Settlement

Agreement and/or awarded" in the state court lawsuit, and offered Plaintiff the opportunity to file amended motion. Opinion dated September 14, 2018, ECF No. 11, at 9.

On October 9, 2018, Plaintiff filed an amended motion for a default judgment. ECF No. 13. Plaintiff again seeks a default judgment for each of the two counts in its Complaint. As to Count I, Plaintiff seeks a default judgment in the total amount of $342,048.60, composed of $266,644 of principal withdrawal liability, liquidated damages in the amount of 20% of the unpaid principal withdrawal liability, or $53,328.80, interest on the unpaid principal at a rate of 7.5% per annum, in the amount of $19,998.30, attorney's fees of $1,677.50, and costs of $400. Pl. Mem., ECF No. 13.4 at 11. As to Count II, Plaintiff seeks a default judgment of $522,494.75, composed of $377,960 of unpaid principal under the Settlement Agreement, interest on that unpaid sum at 18%, in an amount of $68,032.80, liquidated damages representing 20% of the unpaid principal, or $75,592, attorney's fees of 550 and costs of $359.95. Id. at 15.

## II.   ANALYSIS

The Court hereby adopts and incorporates its prior default judgment Opinion in full. In that Opinion, the Court found that Plaintiff has satisfied most of the requirements for the entry of a default judgment on Count I: The Court found that it had subject matter jurisdiction over the action and personal jurisdiction over River Drive, that Plaintiff had sufficiently stated a claim for unpaid withdrawal liability under ERISA, 29 U.S.C. § 1381, and that River Drive was jointly liable for RDC's withdrawal liability because "RDC and River Drive are under common control and a single employer for the purposes of withdrawal liability." Opinion at 5-7. The Court also found that the entry of a default judgment would be appropriate because River Drive had no meritorious defense, that the Pension Fund would be prejudiced in the absence of the entry of a judgment by default, and that River Drive acted culpably in failing to respond to this Action, despite being

properly served. Id. at 8. Thus, the only question remaining on Count I was whether Plaintiff had proven damages. For the reasons stated below, the Court concludes that it has.

As to Count II, the Court previously found that it was not satisfied that "River Drive is jointly and severally liable for RDC's breach of the Settlement Agreement" because Plaintiff "has not sufficiently alleged that the common control of RDC and River Drive entitle Plaintiff to hold River Drive liable for RDC's contractual breach." Id. at 7 n.1. The Court finds that Plaintiff has shown that it is entitled to a default judgment as to Count II.

However, in order to prevent Plaintiff from recovering twice on the same underlying withdrawal liability, the Court will award Plaintiff only its damages under Count II, the greater sum requested.

### A. Count I: ERISA Withdrawal Liability

"An employer's failure to make a withdrawal liability payment shall be 'treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145.'" Einhorn v. Highway Saftey Sys., Inc., No. 13-2021, 2015 WL 5567303, at *4 (D.N.J. Sept. 22, 2015) (quoting Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co., Inc., 57 F. App'x 972, 975 (3d Cir. 2003)); see also 29 U.S.C. § 1451(b) (treating failure to make a withdrawal liability payment "in the same manner as a delinquent contribution (within the meaning of section 1145 of this title)"). Thus, in an action under 29 U.S.C. § 1381(a), Courts in this Circuit apply the remedies from 29 U.S.C. § 1132(g)(2), which by their terms apply in "any action under this subchapter . . . on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded." Id. Under § 1132(g)(2), the Court "shall award the plan" the amount of the unpaid contributions, interest on the unpaid contributions, an additional sum equal to the greater of either the interest on the unpaid contributions or liquidated damages, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate. Id.; see also Trustees of Amalgamated Ins. Fund

v. Sheldon Hall Clothing, Inc., 862 F.2d 1020, 1023 (3d Cir. 1988) (discussing calculation of liability under § 1132(g)(2)).

Here, Plaintiff alleges that RDC's withdrawal liability, as of the date of withdrawal, was $316,605, Compl. ¶ 13, and that it prepared a payment schedule which required RDC to make 24 quarterly payments of $15,478 and a final payment of $6,488. Id. ¶ 14 & Ex. A at 2. RDC made only the first four payments. Id. ¶¶ 15, 24-25. On the present motion, Plaintiff alleges that the present value of the principal of RDC's unpaid contributions, as calculated by the fund's actuary, is $266,644.[1] The Court will therefore award Plaintiff $266,644 as the principal amount of unpaid contributions that River Drive owes the Pension Fund as a joint employer with RDC under 29 U.S.C. § 1132(g)(2)(A).

Plaintiff also seeks interest on the amount of unpaid contributions under section 1132(g)(2)(B). In its brief in support of the amended motion, Plaintiff asserts that this amount is $19,998.30, calculated at the 7.5% per annum rate provided by the plan. The Court concludes that this amount is appropriate, and will award it to Plaintiff. Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., No. 08-2782, 2009 WL 3584358, at *4 (D.N.J. Oct. 27, 2009).

Similarly, section 1132(g)(2)(C) requires the Court to award the greater of either the interest on the unpaid contribution, or liquidated damages provided for under the plan, but not in an amount greater than 20% of the principal withdrawal liability. 29 U.S.C. § 1132(g)(2)(C). Here, Plaintiff claims that liquidated damages under the plan are $53,328.80, which is greater than the figure in section 1132(g)(2)(B). Finally, the Court also concludes that Plaintiff's requested

---

[1] The actuary reached this figure by applying the Pension Fund's 7.5% annual interest rate, and taking into account the four quarterly payments that RDC made. Frias Aff. ¶ 7.

attorney's fees of $1,677.50 and costs of $400 are reasonable under section 1132(g)(2)(D), thus, under Count I, Plaintiff has shown that it is entitled to $342,048.60 in damages.

**B.     Count II:  Breach of Contract**

Plaintiff's second cause of action seeks to hold River Drive liable for RDC's breach of the Settlement Agreement.  The Court's previous Opinion concluded that Plaintiff's allegations were not sufficient to find that River Drive was a successor to RDC, and invited Plaintiff to brief the issue on an amended motion.  Opinion at 7 n.1.  In light of Plaintiff's arguments on its Amended Motion, the Court concludes that Plaintiff has sufficiently alleged that River Drive is a successor to RDC.  In order to sufficiently allege that once corporation is a successor of another, "a plaintiff's claim of successorship liability is satisfied by general allegations of successorship."  Premier Pork L.L.C. v. Westin, Inc., No. 07-1661, 2008 WL 724352, at *4 (D.N.J. Mar. 17, 2008).  To sufficiently allege a claim for breach of contract, a plaintiff must allege (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.  Lee v. A to Z Trading LLC, No. 12-4624, 2014 WL 7339195, at *2 (D.N.J. Dec. 23, 2014).

Plaintiff has alleged that River Drive and RDC are under common ownership, operate from the same facility, and that River Drive is a "successor" of RDC.  Compl. ¶ 52.  The Court further finds that Plaintiff has sufficiently alleged that RDC entered into the Settlement Agreement, breached its obligations under the Agreement by failing to make any payments, causing damages, and that as an alleged successor of RDC, River Drive is liable for its breach of contract.

However, the Court cannot award Plaintiff its alleged damages under both Counts I and II, as this would result in an unwarranted double recovery based on the same single instance of withdrawal liability.  The Court will therefore award only the greater amount demanded under Count II, for breach of the Settlement Agreement.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Amended Motion for a Default Judgment, ECF No. 13, is **GRANTED.** The Court grants Plaintiff $522,494.75 as to Count II of its Complaint, of which $377,960 represents principal unpaid withdrawal liability, $68,032.80 of interest due under the Agreement, liquidated damages of 20% of the principal at $75,592, attorney's fees of $550 and costs of $359.95.

Dated: May 31, 2019.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**